Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiffs CECELIA RODRIGUEZ,
and BREANA STEWART, on behalf of themselves
and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECELIA RODRIGUEZ and BREANA STEWART, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART ASSOCIATES, INC., a Delaware limited liability company; and DOES 1 to 100, inclusive, <br><br> Defendants. | **CLASS ACTION** <br><br> Case No.: 2:20-cv-07045 <br><br> **[PROPOSED] FIRST AMENDED COMPLAINT FOR:** <br><br> 1. **FAILURE TO PROVIDE ALL PAID OFF PREMISES REST PERIODS;** <br> 2. **PENALTIES PURSUANT TO LABOR CODE §2699; AND** <br> 3. **UNFAIR BUSINESS PRACTICES** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Honorable André Birotte Jr. <br> Courtroom 7B <br><br> Action filed: June 29, 2020 <br> Trial Date: None Set |

Plaintiffs CECELIA RODRIGUEZ and BREANA STEWART, individuals on behalf of themselves and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), hereby files this First Amended Complaint against Defendant WAL-MART ASSOCIATES, INC. and DOES 1 to 100 (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on

Kevin T. Barnes
1635 Pontius
Avenue,
Second Floor
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 1 -

**FIRST AMENDED COMPLAINT**

the basis of that information and belief, allege as follows:

## I.

## INTRODUCTION

1.      Pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 23, Plaintiffs institute this Class action, and Private Attorney General action for actual damages, statutory penalties, injunctive relief, attorneys' fees and the costs of this action against Defendants for multiple violations of the FLSA, the California Labor Code ("Labor Code"), California Business and Professions Code ("B&PC") §17000 et seq. and §17200, et seq., the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)") and related common law principles.

2.      Plaintiffs will request the Court provide notice of this class action pursuant to FRCP 23(c)(2), as well as concurrent notice informing of the pendency of this action and each putative class members' right to opt into this lawsuit pursuant to 29 U.S.C. §216(b) for the purpose of seeking liquidated damages under federal law.

3.      Plaintiffs' action seeks monetary damages and injunctive relief from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

4.      The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter although this should not automatically be considered the statute of limitations for any cause of action herein.

RELEVANT JOB TITLES

5.      For introductory and general information only (and not to be considered a proposed class definition), the relevant individuals in this action are Defendants' hourly-paid, non-exempt store employees (excluding Distribution

FIRST AMENDED COMPLAINT

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX (323) 549-0101

Centers, Fulfillment Centers and Warehouses) who were subjected to Defendants' policies and practices as described herein. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

SUMMARY OF CLAIMS

6.    With regard to Defendants' hourly-paid, non-exempt store employees, Defendants have:

a.  Failed to provide all paid off premises rest periods;

b.  Incurred penalties pursuant to Labor Code §§2698, et seq.; and

c.  Conducted unfair business practices.

## II.

## PARTIES

PLAINTIFF CECELIA RODRIGUEZ

7.    Plaintiff CECELIA RODRIGUEZ is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a citizen of the State of California.

8.    Plaintiff CECELIA RODRIGUEZ worked for Defendants as an hourly-paid, non-exempt store employee in various of Defendants' store departments, including but not limited to Cashier, Customer Service, Task Office and Money Center from approximately March 11, 2014 to October 24, 2019 in the San Jacinto, California store.

9.    Plaintiff CECELIA RODRIGUEZ seeks recovery herein from Defendants because with regard to Plaintiff CECELIA RODRIGUEZ, while acting for Defendants in her capacity as an hourly-paid, non-exempt store employee, Defendants have:

a.  Failed to provide all paid off premises rest periods;

b.  Incurred penalties pursuant to Labor Code §§2698, et seq.; and

c.  Conducted unfair business practices.

**FIRST AMENDED COMPLAINT**

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX (323) 549-0101

PLAINTIFF BREANA STEWART

10.    Plaintiff BREANA STEWART is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a citizen of the State of California.

11.    Plaintiff BREANA STEWART worked for Defendants as an hourly-paid, non-exempt store employee from approximately September 2019 to December 19, 2019 in the Lancaster, California store, which is in Los Angeles County, California.

12.    Plaintiff BREANA STEWART seeks recovery herein from Defendants because with regard to Plaintiff BREANA STEWART, while acting for Defendants in her capacity as an hourly-paid, non-exempt store employee, Defendants have:

      a.  Failed to provide all paid off premises rest periods;

      b.  Incurred penalties pursuant to Labor Code §§2698, et seq.; and

      c.  Conducted unfair business practices.

DEFENDANT, WAL-MART ASSOCIATES, INC.

13.    Defendant WAL-MART ASSOCIATES, INC. is now and/or at all times mentioned in this Complaint was a Delaware corporation and the owner and operator of an industry, business and/or facility(/ies) licensed to do business and actually doing business in the State of California.

DOES 1 TO 100, INCLUSIVE

14.    DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in California.

15.    Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

///

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX (323) 549-0101

- 4 -

**FIRST AMENDED COMPLAINT**

16.    Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

17.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

18.    Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

19.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

20.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

21.    Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

22.    Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

23.    Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this

**FIRST AMENDED COMPLAINT**

Kevin T. Barnes
1635 Pontius
avenue,
Second floor
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax (323) 549-0101

Complaint.

## III.

## <u>JURISDICTION AND VENUE</u>

24.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§1332(d), 1453, 1711, pursuant to Defendant Wal-Mart Associates, Inc.'s removal to the United States District Court for the Central District of California, originally filed as Case No. 20STCV24761 in Los Angeles County Superior Court in the State of California.

25.    The jurisdiction of this Court for the pendent claims is authorized by FRCP 18(a).

26.    This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 29 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy between Plaintiffs and Defendants.

## IV.

## <u>CLASS ACTION ALLEGATIONS</u>

27.    <u>FRCP</u> 23(a) states: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

28.    Further, <u>CCP</u> §382 provides in pertinent part: "…[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

29.    The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

**FIRST AMENDED COMPLAINT**

Kevin T. Barnes
1635 Pontius
Avenue,
Second Floor
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax (323) 549-0101

a. All California citizens employed by Defendants as hourly-paid non-exempt store employees (excluding Distribution Centers, Fulfillment Centers and Warehouses) during the appropriate time period who were subjected to Defendants' policies and practices regarding providing all paid off premises rest periods as specifically described herein (hereinafter, the "Rest Period Class"); and

b. All California citizens employed by Defendants as hourly-paid non-exempt store employees (excluding Distribution Centers, Fulfillment Centers and Warehouses) during the appropriate time period regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as specifically described herein (hereinafter, the "17200 Class").

30.    The Rest Period Class and 17200 Class are herein collectively referred to as the "Classes."

31.    Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

32.    Numerosity (FRCP 23(a)(1)); (CCP §382):

a. The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical;

b. The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court;

///

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX (323) 549-0101

**FIRST AMENDED COMPLAINT**

c.  The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals; and

d.  The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

33.  <u>Questions of Law or Fact Common To The Class</u> (<u>FRCP</u> 23(a)(2)): There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

i)  Whether Defendants failed and continue to fail to provide all paid off premises rest periods to the members of the Rest Period Class in violation of the <u>Labor Code</u> and Section 12 of the <u>IWC Wage Orders</u>;

ii)  Whether Defendants' conduct constitutes unfair competition within the meaning of <u>B&PC</u> §17200, et seq.;

iii)  Whether Defendants' conduct constitutes unfair business practices within the meaning of <u>B&PC</u> §17200, et seq.;

iv)  Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

v)  Whether the members of the Classes are entitled to injunctive relief; and

vi)  Whether Defendants are liable for attorneys' fees and costs.

34.  <u>Typicality</u> (<u>FRCP</u> 23(a)(3)): The claims of the named Plaintiffs are typical of the claims of all members of the represented Classes because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation

**FIRST AMENDED COMPLAINT**

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

of law, as alleged herein.

35.    <u>Adequacy</u> (<u>FRCP</u> 23(a)(4)): The named Plaintiff(s):

    a)    will adequately represent the members of the Classes;

    b)    will fairly protect the interests of the members of the Classes;

    c)    possess no interests antagonistic to the members of the Classes; and

    d)    will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

36.    <u>Superiority</u> (<u>FRCP</u> 23(b)); (<u>CCP</u> §382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein. Further, this action is maintainable as a class action because the prerequisites of <u>FRCP</u> 23(a) are satisfied as outlined above, and in addition:

    a)    California has a public policy which encourages the use of the class action device;

    b)    By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

    c)    This case involves a small number of large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

///

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90006-5614
TEL.: (323) 549-9100
FAX (323) 549-0101

- 9 -

**FIRST AMENDED COMPLAINT**

d) If each individual member of each of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e) Requiring each individual member of each of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f) Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g) Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

i) a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

ii) a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii) inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against

**FIRST AMENDED COMPLAINT**

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX (323) 549-0101

Defendants; and

iv)    potentially incompatible standards of conduct for Defendants;

v)    potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

b.    The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto; and

c.    Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions. The Supreme Court of California urges trial courts to be procedurally innovative in managing class actions, which have an obligation to consider the use of innovative procedural tools to certify a manageable class.

37.    Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232, 238); Pulaski & Middleman, LLC v. Google, Inc. (9th Cir. 2015 802 F.2d 979, 986-87).

///
///
///
///

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX (323) 549-0101

**FIRST AMENDED COMPLAINT**

# V.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE ALL PAID OFF PREMISE REST PERIODS

#### (On Behalf of the Rest Period Class)

#### (Against All Defendants)

38.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

39.     <u>Labor Code</u> §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

40.     <u>Labor Code</u> §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

41.     Section 12(A) of the <u>IWC Wage Order(s)</u> states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

42.     Section 12(B) of the <u>IWC Wage Order(s)</u> states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions

**FIRST AMENDED COMPLAINT**

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX (323) 549-0101

of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

43.    The members of the Rest Period Class sometimes worked over four (4) hours per shift. Further, the members of the Rest Period Class sometimes worked over six (6) hours per shift, and in some cases over ten (10) hours per shift.

44.    The members of the Rest Period Class were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment.

45.    Defendants' rest break policy states: "Location of Rest Breaks. You should take your rest breaks in the facility's break/meeting room or in another area of the premises designated for associate rest breaks or meal periods. You are encouraged not to leave Walmart property during your rest breaks without management approval."

46.    As such, the members of the Rest Period Class were not allowed to leave Defendants' premises for their rest breaks, in violation of <u>Augustus v ABM Security Services, Inc.</u> (2016) 2 Cal.5th 257, as Defendants failed to relinquish all control over how the members of the Rest Period Class spent their rest breaks.

47.    As such, as a matter of Defendants' established company policy, Defendants failed to authorize and permit required paid off premise rest periods established by <u>Labor Code</u> §226.7 and <u>Labor Code</u> §516 and Section 12 of the <u>IWC Wage Order(s)</u>.

48.    Pursuant to Section 12 of the <u>IWC Wage Order(s)</u> and <u>Labor Code</u> §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the Rest Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX (323) 549-0101

- 13 -

**FIRST AMENDED COMPLAINT**

regular rate of compensation for each work day that the rest period was not so provided.

49.    Pursuant to <u>Labor Code</u> §218.6 and <u>CC</u> §3287, the members of the Rest Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

**SECOND CAUSE OF ACTION**

**PENALTIES PURSUANT TO <u>LABOR CODE</u> §2699**

**(On Behalf of the Aggrieved Employees)**

**(Against All Defendants)**

50.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

51.    Pursuant to <u>Labor Code</u> §2699(a) (which provides that any provision of the <u>Labor Code</u> that provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, board agencies or employees, such civil penalties may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees) and <u>Labor Code</u> §2699(f) (which establishes a civil penalty for violations of all <u>Labor Code</u> provisions except those for which a civil penalty is specifically provided), the aggrieved employees seek recovery of all applicable civil penalties, as follows:

> a.    As applicable, for civil penalties under <u>Labor Code</u> §2699(f), for all violations of the <u>Labor Code</u> except for those for which a civil penalty is specifically provided, in the amount of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation; and

**FIRST AMENDED COMPLAINT**

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX (323) 549-0101

b.  As applicable, for any and all additional civil penalties and sums as provided by the <u>Labor Code</u> and/or other relevant statutes.

52.   In addition, Plaintiff seeks and is entitled to seventy-five percent (75%) of all penalties obtained under <u>Labor Code</u> §2699 to be allocated to the LWDA, for education of employers and employees about their rights and responsibilities under the <u>Labor Code</u>, and twenty-five percent (25%) to Plaintiff and all other similarly situated aggrieved employees.

53.   Further, Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §§2699(g)(1) and any other applicable statute.

54.   <u>Labor Code</u> §2699.3(a) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1) (A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

55.   <u>Labor Code</u> §2699.3(c)(1) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall commence only after the following requirements have been met: (1) (A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

56.   Here, Plaintiffs' civil action alleges violations of provisions listed in <u>Labor Code</u> §2699.5 and violations of provisions other than those listed in <u>Labor</u>

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 15 -

**FIRST AMENDED COMPLAINT**

Code §2699.5. As such, <u>Labor Code</u> §2699.3(a) and §2699.3(c) apply to this action.

57.    On April 23, 2020, Plaintiffs complied with <u>Labor Code</u> §2699.3(a) and <u>Labor Code</u> §2699.3(c) in that Plaintiffs gave written notice by online filing with the LWDA and by certified mail to Defendants of the specific provisions of the <u>Labor Code</u> alleged to have been violated, including the facts and theories to support the alleged violations. Attached hereto as Exhibit "1" is Plaintiffs' April 23, 2020 LWDA letter.

58.    <u>Labor Code</u> §2699.3(a) further states in pertinent part: "(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."

59.    As of June 29, 2020 (65 calendar days after Plaintiffs' April 23, 2020 LWDA letter was filed online), Plaintiffs had not received any notification that the LWDA intended to investigate the alleged violations. As such, Plaintiffs have complied with <u>Labor Code</u> §2699.3(a) and have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to <u>Labor Code</u> §2699.

60.    Further, as of May 26, 2020 (33 calendar days after Plaintiffs' April 23, 2020 LWDA letter was mailed to Defendants via certified mail), Plaintiffs have not received from Defendants written notice by certified mail that the alleged violations have been cured, including a description of actions taken. As such, Plaintiffs have complied with <u>Labor Code</u> §2699.3(c) and have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to <u>Labor Code</u> §2699.

**FIRST AMENDED COMPLAINT**

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

## THIRD CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

### (On Behalf of the 17200 Class)

### (Against All Defendants)

61.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

62.    <u>B&PC</u> §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

63.    <u>B&PC</u> §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

64.    <u>B&PC</u> §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

65.    Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by <u>B&PC</u> §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving the members of the 17200 Class of the minimum working standards and conditions due to them under the <u>Labor Code</u> and/or the <u>IWC Wage Orders</u>, as specifically described herein.

66.    Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

67.    Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors. Plaintiffs have suffered injury in fact and have lost money or property

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX (323) 549-0101

- 17 -

**FIRST AMENDED COMPLAINT**

as a result of such unfair competition.

68. Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

69. Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

70. Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

a. That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and appointing all law firms representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Provide All Paid Off Premise Rest Periods:

b. For one (1) hour of pay at the regular rate of compensation for each member of the Rest Period Class for each workday that a legal paid off premise rest period was not provided;

c. For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

As to the Second Cause of Action for Penalties Pursuant to Labor Code §2699:

d. As applicable, for civil penalties pursuant to Labor Code §2699(f), in addition to and entirely independent and apart from other penalties in the Labor Code and for Labor Code violations without a specific civil penalty, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200

Kevin T. Barnes
1635 Pontius
Avenue,
Second Floor
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax (323) 549-0101

- 18 -

## **FIRST AMENDED COMPLAINT**

1  for each aggrieved employee per pay period for each subsequent violation;

2       e.     As applicable, for reasonable attorneys' fees and costs incurred

3  pursuant to <u>Labor Code</u> §§2699(g)(1) and any other applicable statute; and

4       f.     For such relief as this Court may deem just and proper;

5  <u>As to the Third Cause of Action for Unfair Business Practices</u>:

6       g.     For an accounting, under administration of Plaintiffs and/or the

7  receiver and subject to Court review, to determine the amount to be returned by

8  Defendants, and the amounts to be refunded to members of the Classes who are

9  owed monies by Defendants;

10       h.     For an Order requiring Defendants to identify each of the members of

11  the Classes by name, home address, home telephone number and, if available,

12  email address;

13       i.     For an Order requiring Defendants to make full payment pursuant to

14  California law;

15       j.     For an Order for a preliminary and/or permanent injunction

16  prohibiting Defendants from engaging in the acts complained of herein;

17       k.     For the creation of an administrative process wherein each injured

18  member of the Classes may submit a claim in order to receive his/her money;

19       l.     For all other appropriate injunctive, declaratory and equitable relief;

20       m.     For interest to the extent permitted by law;

21       n.     For an award of attorneys' fees and costs incurred in the investigation,

22  filing and prosecution of this action pursuant to <u>CCP</u> §1021.5, <u>B&PC</u> §17200, et

23  seq., <u>Labor Code</u> §1194 and/or any other applicable provision of law;

24  <u>As to All Causes of Action</u>:

25       o.     For such relief as this Court may deem just and proper, including

26  reasonable attorneys' fees and costs incurred.

27  ///

28  ///

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 19 -

**FIRST AMENDED COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VII.

## <u>DEMAND FOR JURY TRIAL</u>

     Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: August 21, 2020       LAW OFFICES OF KEVIN T. BARNES

                By:    <u>/s/ Kevin T. Barnes</u>
                          Kevin T. Barnes, Esq.
                          Gregg Lander, Esq.
                          Attorneys for Plaintiffs

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX (323) 549-0101

**FIRST AMENDED COMPLAINT**

EXHIBIT 1



## LAW OFFICES OF RAPHAEL A. KATRI

8549 Wilshire Blvd., Ste. 200
Beverly Hills, CA 90211
Tel: 310-940-2034
Fax: 310-733-5644

April 23, 2020

**VIA ELECTRONIC MAIL ($75 filing fee to follow by mail)**
PAGA Administrator
California Labor and Workforce Development Agency
PAGAfilings@dir.ca.gov

Re:   WAL-MART ASSOCIATES, INC. (hereafter, the "Employer")

## NOTICE OF **LABOR CODE** VIOLATIONS PURSUANT TO **LABOR CODE** §2699.3

To:   PAGA Administrator, California Labor and Workforce Development Agency and the Employer

From: CECILIA RODRIGUEZ and BREANA STEWART (the "Employees"), who were subjected to the wage and hour practices set forth below

The Employees, by way of the above-named counsel, submit this Notice, pursuant to and in compliance with the requirements of California Labor Code §2699.3(a)/(c), and allege the facts and theories to support the alleged violations as follows:

During the applicable time period, the Employer employed the Employees and all others similarly aggrieved as hourly-paid non-exempt employees, and utilized consistent policies and procedures regarding the Employees and all other similarly aggrieved employees, as follows:

The Employer failed to provide legally requisite paid off premises rest breaks to the Employees and all other similarly aggrieved employees. Here, the Employer's rest break policy states in pertinent part: **"Location of rest breaks** - You should take your rest breaks in the facility's break/meeting room or in another area of the premises designated for associate rest breaks or meal periods. You are encouraged not to leave Walmart property during your rest breaks without management approval." Because the Employees and all other similarly aggrieved employees were not allowed to leave the premises for their rest breaks, the Employees and all other similarly aggrieved employees were not always provided legally compliant rest breaks. Augustus v ABM Security Services, Inc. (2016) 2 Cal 5th 257. Because the Employer did not pay a rest period penalty for these violations, the Employer violated Labor Code §§226.7 and 516 and the applicable Industrial Wage Order, ¶12(A)/(B), and owes rest period wages and penalties pursuant to Labor Code §§2699(f) and/or 558.

As a derivative result of some or all of the above claim(s), the Employer has also allegedly violated Labor Code §226 and §§201-203, as follows:

Regarding wage statements, pursuant to Labor Code §226 and the applicable Industrial Wage Order, the Employer is required to include certain information on a paystub. Here, because the Employer allegedly failed to pay all wages as set forth above, improper paystubs were issued by the Employer to the Employees and all other similarly aggrieved employees, and the Employees allege that the Employer has derivatively violated Labor Code §226, and owes penalties pursuant to Labor Code §§2699(f) and/or 226.3.

PAGA Administrator
Re: Wal-Mart Associates, Inc.
April 23, 2020
Page 2

Regarding waiting time penalties, pursuant to Labor Code §203, the Employees and all other similarly aggrieved employees are entitled to thirty day of wages at their regular rate of pay for the Employer's alleged failure to pay all wages due upon separation of employment. Here, because the Employer allegedly failed to pay all wages as set forth above, the Employees allege that the Employer has derivatively violated Labor Code §§201-203, and owes penalties pursuant to Labor Code §§2699(f) and/or 203.

Pursuant to Labor Code §2699.3(a)(2)(A), please advise within sixty-five (65) calendar days of the postmark date of this notice whether the LWDA intends to investigate these alleged violations.

Further, pursuant to Labor Code §2699.3(c)(2)(A), the Employer may cure the alleged violations within thirty-three (33) calendar days of the postmark date of this notice and within that period, give notice by certified mail if the alleged violation is cured, including a description of actions taken.

In addition, this letter clearly sets forth the Employee's grievances and proposed remedies, pursuant to the Labor Code, PAGA and otherwise, as set forth above. The Employees would like to engage in reasonable efforts to settle this dispute before filing a civil action against the Employer. The Employees gives the Employer the opportunity, prior to the expiration of the deadline for the LWDA to investigate, to meet the Employee's demands and settle this dispute.

We understand that if we do not receive a response within sixty-five (65) calendar days of the postmark and filing date of this notice that the LWDA intends to investigate these allegations and/or a notice from the Employer that the alleged violations are cured, and/or if the alleged violations are not cured, then the Employees may immediately thereafter commence a civil action against the Employer pursuant to Labor Code §2699.

Thank you for your consideration.

Very Truly Yours,

Raphael A. Katri, Esq.

cc:    (via Certified Mail)
Wal-Mart Associates, Inc.
702 S.W. 8th Street
Bentonville, AR 72716

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

  I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361, which is located in Los Angeles County, where the service herein occurred.

  On the date of execution hereof, I caused to be served the following attached document/s:

  **[PROPOSED] FIRST AMENDED COMPLAINT**

on the interested parties in this action, addressed as follows:

| _Attorneys for Defendant:_ | _Attorneys for Plaintiffs:_ |
|---|---|
| Paloma P. Peracchio, Esq.<br>OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C.<br>400 South Hope Street, Suite 1200<br>Los Angeles, CA 90071<br>Tel.: (213) 239-9800<br>Fax: (213) 239-9045<br>Paloma.Peracchio@ogletree.com | Raphael A. Katri, Esq.<br>LAW OFFICES OF RAPHAEL A. KATRI<br>8549 Wilshire Boulevard, Suite 200<br>Beverly Hills, CA 90211-3104<br>Tel.: (310) 940-2034<br>Fax: (310) 733-5644<br>RKatri@socallaborlawyers.com |
| Mitchell A. Wrosch, Esq.<br>Zachary Glantz, Esq.<br>OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C.<br>Part Tower, Fifteenth Floor<br>695 Town Center Drive<br>Costa Mesa, CA 92626<br>Tel.: (714) 800-7900<br>Fax: (714) 754-1298<br>Mitchell.Wrosch@ogletree.com | |

  using the following service method:

  __X__ **VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the above interested parties.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on **August 21, 2020**, at Los Angeles, California.

      /s/ Cindy Rivas
      **Cindy Rivas**

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX (323) 549-0101